Haynes, J.
1. As to the construction of section 1377 of the Revised Statutes in regard to the petition and the signers thereof in which it is made to appear necessary or expedient to the commissioners of the county, that a change in the boundaries of the respective townships should be made, we are of the opinion that the true construction to be given the words “ signed by a majority of the householders residing within the bounds of the respective townships to be affected by such petition or division,” is that the petition must be signed by majority of the householders of eaoh of the townships to be affected by the division; that the signers in one township are not to be limited to those residing in the part proposed to be set off' to the-other township; that a majority of the householders residing in that part of the township to be set off joining with a ma *186 jority of the householders residing in the township that is to receive the strip or part set off from the other township, is not •sufficient to authorize the county commissioners to proceed or to make the division.
2. As to the record of the county commissioners as certii Fed by the auditor, it shows the petition, which recites that the undersigned householder of the township of Franklin and Dover in said county, and being a majority of the householders residing within the bounds of the respective townships to be affected by the change, etc., and the signatures attached are under heads as follows :
Residents of Franklin township.
Residents of DoYer township.
On the 11th dajr of July, 1891, the petition and remonstrances came on for hearing before the county commissioners and the matter was heard upon the petition and remonstrances •and the evidence, and after hearing the same the commissioners found that a majority of all the householders within the township •of Franklin and Dover and residing therein had signed the petition. The commissioners do not in terms anywhere in the record find the facts stated in the petition to be true, nor do they follow the statement made in the petition “a majority of the householders residing within the respective townships to be affected etc.” The word “ respectively” is left out.
Upon the face of the record the names of householders resident in Franklin township remonstrating against the division are greatly in excess of the names petitioning who sign as residents of Franklin township, but the commissioners do not in the record specifically pass upon this matter. They may for aught that appears in the record have found that none of them are or were residents of Franklin township. The commissioners only find “ that a majority of all the householders within the township of Franklin and Dover residing therein,” etc. Was the word “ respective townships,” used in the statute, purposely omitted or omitted by oversight ? Or is the phrase ■used by the commissioners intended to be of the same purport *187 and meaning as the phrase used in the statute ? If they use the phrase as meaning the same as the statute, then upon the face of the record they would be authorized to proceed ; but if they do not so use it, and the fact clearly appears, then they would not. But does it clearly appear on the face of the record?
H. H. & T. F. Ham, and J. M. Ritelvie, for plaintiffs.
P. Olíase, Pros. Att’y, and W. W. Touvelle, for defendants.
We know outside of the record, by admissions upon the hearing, that a majority of the householders residing in Franklin township did not sign the petition; we know in the same way that the commissioners under legal advice deemed the signing last above mentioned a sufficient compliance with the law ; but do these matters sufficiently appear upon the face of the record to enable the parties complaining to protect their rights by petition in error?
In Lewis et al. v. Laylin, the Supreme Court of Ohio has laid down a very liberal rule in regard to the precision required in the records of inferior tribunals (in that case the county commissioners), and the presumption that will be made by the court in their support. It is within the knowledge of this court that the defects in the record of the commissioness in that case were much more marked than in this. After careful examination of the record in this case, we are of the opinion that there is so much doubt and uncertainty whether the rights of the petitioners can be protected by a petition in error, that it is our duty to order that the order of the judge of the court of common pleas, made at chambers, dissolving the temporary or interlocutory injunction before that time allowed by him in this case, be suspended until the final hearing of this case, or until the question involved can be presented by petition in error to the proper courts.